Coleman v. United States Of America                                                                                                                                    Doc. 3

CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED
JAN 3 1 2006
JOHN F CORCORAN, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARTEZ COLEMAN,<br>    Petitioner, | Civil Action No. 7:06CV00083 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

The petitioner, Martez Coleman, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Coleman has failed to demonstrate entitlement to relief under § 2241, and that his petition must be construed and dismissed without prejudice as a successive motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255.

Coleman is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 2002, the United States District Court for the District of South Carolina sentenced Coleman to life imprisonment for conspiring to distribute cocaine base, in violation of 21 U.S.C. § 846; possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841; killing or counseling, commanding, inducing, or procuring, and aiding and abetting in a killing while involved in a 21 U.S.C. § 841 offense, in violation of 18 U.S.C. § 2 and 21 U.S.C. § 848(e)(1)(A); and using a firearm in a drug crime or crime of violence, murder, and aiding and abetting in murder, in violation of 18 U.S.C. § 2 and 18 U.S.C. § 924(j). Coleman appealed his convictions to the United States Court of Appeals for the Fourth Circuit. On September 28, 2004, the Fourth Circuit affirmed Coleman's convictions. Coleman states that he also challenged his convictions and sentence in a § 2255 motion filed in the District of South Carolina. The motion was denied by the district court. On December 19, 2005, Coleman filed a

Dockets.Justia.com

motion for leave to file a second or successive § 2255 motion. The motion was denied by the Fourth Circuit. In his present petition under § 2241, Coleman asserts that his sentence must be vacated in light of the United States Supreme Court's decisions in United States v. Fanfan, 543 U.S. 220, 160 L. Ed. 2d 621 (2005) and United States v. Booker, 543 U.S. 220, 160 L. Ed. 2d 621 (2005).

An inmate may not challenge the validity of his conviction or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed. 2d 411 (1977). The Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Coleman's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Coleman has not pointed to any change in the substantive law associated with his convictions, and a review of current federal law shows that the acts for which Coleman is currently incarcerated continue to constitute criminal offenses. See 18 U.S.C. §§ 2 and 924, and 21 U.S.C. §§ 841, 846, and 848.

Since Coleman's claims cannot be addressed under § 2241, the court will construe his

2

petition as a motion to vacate, set aside or correct sentence under § 2255. A § 2255 motion must be brought in the court that imposed the sentence. See 28 U.S.C. § 2255; Swain, 430 U.S. at 378. To file a second or successive § 2255 motion, a petitioner must receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255, ¶8. When a petitioner does not demonstrate that the court of appeals has authorized a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of the petitioner's claims.

Although the court could transfer Coleman's § 2255 motion to the District of South Carolina, where he was sentenced, Coleman's § 2255 motion is clearly successive. Coleman admits that the sentencing court denied his previous § 2255 motion. Coleman also admits that he has not received pre-filing authorization from the United States Court of Appeals for the Fourth Circuit to file a successive § 2255 motion. Therefore, the court cannot find that transferring a clearly successive § 2255 motion to the sentencing court furthers the interests of justice or judicial economy. Accordingly, the court declines to transfer Coleman's motion and dismisses it without prejudice.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This 31st day of January, 2006.

_____
United States District Judge